UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

NEW ALBANY DIVISION

| | | |
|---|---|---|
| MESHA S. ASHBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-00215-SEB-TAB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Motion to Vacate, Set Aside, or Modify Sentence
And Directing Entry of Final Judgment**

For the reasons explained below, petitioner Mesha S. Ashby's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, filed November 21, 2016, is **denied**.

### I. Background

On November 3, 2015, Mesha S. Ashby plead guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, in this Court's case number 4:15-cr-00012-001. A plea agreement had been reached between the parties pursuant to Fed. R. Crim. P. 11(c)(1)(B), which was signed by Ashby on April 22, 2015 and filed in the criminal case on May 1, 2015. *See* crim. dkt. 6. Paragraph 11 of the plea agreement contains a waiver of the right to appeal. It provides:

> MESHA A. ASHBY understands that she has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right and in exchange for the concessions made by the United States in this Plea Agreement, she agrees that in the event the Court sentences her to a term of imprisonment that is within the range consistent with the

stipulations herein, or any lesser sentence, then she expressly waives her right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by Title 18, United States Code, Section 3742. Additionally, MESHA S. ASHBY expressly agrees not to contest, or seek to modify, her conviction or her sentence or the manner in which it was determined in any proceeding, including, but not limited to, an action brought under Title 28, United States Code, Section 2255. This Section 2255 waiver does not encompass claims, either on direct or collateral review, that MESHA S. ASHBY received ineffective assistance of counsel in the negotiation of the plea or plea agreement.

Ashby appeared in open Court on November 3, 2015, and acknowledged the rights she was giving up by pleading guilty, including the waivers contained in the plea agreement. Crim. dkt. 23. The Court accepted Ashby's plea and sentenced her to a term below the guideline range.

Thus pursuant to the Paragraph 11 waiver, the only issue Ashby may seek Section 2255 relief on is an ineffective assistance of counsel claim concerning the negotiation of the plea or the plea agreement. Ashby's motion for Section 2255 relief asserts one ground for relief, not concerning the negotiation of the plea or plea agreement, but for counsel's failure to file a notice of appeal when she asked him to do so. Motion for Section 2255 Relief, p. 4, ¶ A. Ashby's motion provides no other facts or argument, such as – importantly – what issue the appeal should assert.

The United States responded on June 13, 2017, and asserts that Ashby's claim is not viable because it is foreclosed by *Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008). *Nunez* holds that when there is a plea agreement and waiver such as that in Ashby's case, and the accused pleads guilty, then defense counsel is not ineffective for disregarding a request to file a notice of appeal and following the terms of the waiver instead. *Id.*

Pursuant to the show cause order entered, March 8, 2017, Ashby had until July 5, 2017, to reply to the United States' response. When no reply had been filed by that date, the Court on July 25, 2017, on its own motion extended Ashby's reply deadline to August 11, 2017. Dkt. 7.

Ashby was informed that if no reply was filed, the Court would resolve this action based solely on Ashby's motion and the United States' response. *Id.* No reply has been filed.

## II. Analysis

The Court agrees that *Nunez* controls this action. It is exactly on point, and pursuant to its holding, Ashby's trial counsel was not ineffective for failing to file a notice of appeal. To be sure, no evidentiary hearing has been held to determine whether trial counsel received a request from Ashby to file a notice of appeal. But that is not a material issue, because regardless of the answer, *Nunez* forecloses the review that Ashby seeks.

This result is also required by recent Seventh Circuit decisions making it clear that the sole type of ineffectiveness claim it will recognize, when there is an appellate and collateral attack waiver, is a claim that trial counsel's performance was ineffective specifically *in relation to the waiver itself or to the plea negotiations. See United States v. Smith*, 759 F.3d 702, 707 (7th Cir. 2014) (collecting cases and emphasizing the importance of enforcing plea agreements like contracts). Ashby has not plead those circumstances in her motion, nor added them in two opportunities to file a reply.

The motion for Section 2255 is **denied**. Final judgment will now issue. **The clerk is directed** to file a copy of this Entry in the criminal case, No. 4:15-cr-00013-SEB-WGH-001.

## III. Certificate of Appealability

Finally, pursuant to *Federal Rule of Appellate Procedure* 22(b), Rule 11(a) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*, and 28 U.S.C. § 2253(c), the Court finds that Ashby has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies a certificate of appealability**.

**IT IS SO ORDERED**.

Date: 9/15/2017

*Sarah Evans Barker* (signature)

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Mesha S. Ashby
12722-028
Greenville Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 5000
Greenville, IL 62246